**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**BEN VENTURA**                                                                    **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:26CV114-SA-RP**

**FRAN VELLA-MARRONE, et al.**                                              **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

The plaintiff Ben Ventura has filed this *pro se* action against three individuals. Because the plaintiff is seeking leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for the *sua sponte* dismissal of the complaint if the court finds it is "frivolous or malicious" or if it "fails to state a claim on which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Further, before allowing any action to proceed, the court must be satisfied that subject matter jurisdiction has been established. Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction does not exist. *Stockman v. Federal Election Com'n,* 138 F.3d 144, 151 (5th Cir. 1998). The term "subject matter jurisdiction" pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.,* 526

1

U.S. 574, 577, 199 S.Ct. 1563, 143 L.Ed.2d 760 (1999).  Subject matter jurisdiction must be established as a threshold matter, inflexibly and without exception.  *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).  The court cannot assume that it has jurisdiction; rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by inference."  *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 159 (5th Cir. 1988) (quoting *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 n.2 (5th Cir. 1983)).   A federal court must raise lack of subject matter jurisdiction on its own when the issue appears.  *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

In the present case, the plaintiff's one-page complaint alleges, in its entirety, that "Defendants Gotlieb and Edwards frequently violated due process, with the support from Fran Vella-Marrone," and "The compensation demand is above the jurisdictional limit."  ECF 1. These blanket assertions fall far short of a plausible claim.  The plaintiff provides no facts in support of his allegations.  Conclusory allegations or legal conclusions masquerading as factual conclusions are insufficient to state a claim.  *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  Further, the plaintiff's complaint fails to establish the court's subject matter jurisdiction.

Therefore, the undersigned RECOMMENDS that the plaintiff's complaint be DISMISSED for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event she desires to file an objection to these findings and recommendations.  Objections are required to be (1) specific, (2) in writing, and (3)

2

filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 7th day of May, 2026.

/s/ Roy Percy_____
UNITED STATES MAGISTRATE JUDGE